cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEON ANTHONY DONNAN, | ) | Civil No. 08cv2157 DMS (AJB) |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| v. | ) | **REQUEST FOR ACCESS TO THE** |
| | ) | **COURTS; DENYING PLAINTIFF'S** |
| BRENDAN COOK, et al., | ) | **REQUEST FOR EXTENSION OF** |
| | ) | **TIME; DENYING PLAINTIFF'S** |
| Defendants. | ) | **REQUEST FOR PRESCRIPTION** |
| | ) | **EYEGLASSES; AND DENYING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **APPOINTMENT OF COUNSEL** |

[Doc. Nos. 71 & 73.]

Plaintiff Leon Donnan, proceeding *pro se*, filed a civil rights complaint under 28 U.S.C. § 1983. Plaintiff filed a request for access to the courts, a request for an extension of time and a request for prescription eyeglasses.  In addition, Plaintiff filed a motion for appointment of counsel.  After a review of the motions, the Court DENIES Plaintiff's request for access to the courts, DENIES Plaintiff's request for extension of time, DENIES Plaintiff's request for eyeglasses, and DENIES Plaintiff's motion for appointment of counsel.

**A.      Access to the Courts**

Plaintiff argues that he is being denied access to the courts because the law library is inadequate which is causing him to not be in compliance with the Federal Rules of Civil Procedure and the Court's scheduling order.

1
## 1. Stage of Litigation

2      Prisoners have a constitutional right of access to the courts.  Bounds v. Smith, 430 U.S. 817, 820

3 (1977).  To have meaningful access, states must provide prisoners with "adequate law libraries or

4 adequate assistance from persons trained in the law."  Id. at 828.  In the leading case on the right of

5 access, the Supreme Court states that its "main concern" was "protecting the ability of an inmate to

6 prepare a petition or complaint."  Bounds, 430 U.S. at 828 n. 17 (quotation omitted).  Other portions of

7 the Court's discussion in Bounds also indicate that the Court did not intend to expand the right of access

8 past the pleading stage.  See Lewis v. Casey, 518 U.S. 343, 354 (1996).  According to the Court in

9 Bounds, a law library or legal assistance was necessary to formulate "a habeas corpus petition or civil

10 rights complaint."  Bound, 430 U.S. at 825. (emphasis added).

11      Following the Supreme Court's discussion in Wolff v. McDonnell, 418 U.S. 539, 576 (1974) and

12 Bounds, the Ninth Circuit concluded that the Supreme Court has clearly stated that the constitutional

13 right of access requires a state to provide a law library or legal assistance only during the pleading stage

14 of a habeas or civil rights action.  Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).  Here, Plaintiff

15 is beyond the pleading stages.  Therefore, Plaintiff's request for access to the courts falls outside the

16 scope of the right of access to the courts set forth by the United States Supreme Court.

17
## 2. Proving an Access to the Courts Violation

18      Even if Plaintiff's request were to fall within the scope of the right of access to the court, which

19 it does not, to establish a violation of this right, the Petitioner must allege facts sufficient to show that:

20 (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been

21 frustrated or impeded, and (2) he has suffered an actual injury.  Lewis v. Casey, 518 U.S. 343, 353-55

22 (1996).  The prisoner must demonstrate that he has suffered or will imminently suffer actual injury.  Id.

23 at 348.  "An inmate cannot establish relevant actual injury simply by establishing that his prison's law

24 library or legal assistance program is sub-par in some theoretical sense."  Id.  The inmate must show that

25 the library "hindered his efforts to pursue a legal claim."  Id.  An "actual injury" is defined as "actual

26 prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

27 deadline or to present a claim."  Id.; see also Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands

28 v. Lewis, 886 F.2d 1166, 1171 (1989); Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has not shown an actual injury from the "inadequate" law library.  He makes a conclusory statement that the inadequate law library is causing him to not be in compliance with the scheduling order and the Federal Rules of Civil Procedure.  He has not stated that he has missed any filing deadlines or failed to present a claim.  Accordingly, the Court DENIES Plaintiff's request to have adequate access to the law library.

**B.      Request for Extension of Time**

Plaintiff filed a request for extension of time but does not indicate what deadline he seeks an extension on.  Accordingly, the Court DENIES Plaintiff's request for extension of time.

**C.      Request for Eyeglasses**

Plaintiff argues that he has been denied free eyeglasses and that he is unable to read without one in order to prepare for his case.  Plaintiff has not indicated whether he has a prescription for eyeglasses or whether he has lost an already existing eyeglass.  Plaintiff presents a conclusory argument without any factual support to justify relief.  Accordingly, the Court DENIES Plaintiff's request for prescription eyeglasses.

**D.      Motion for Appointment of Counsel**

Plaintiff also filed a motion for appointment of counsel claiming that he needs assistance because he is being denied access to an adequate law library, denied prescription eyeglasses and being denied the right to enjoy the U.S. Mail Delivery System. Plaintiff previously filed a motion to appoint counsel which was denied on December 17, 2008.  (Doc. No. 5.)

"[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United States District Court for Southern District of Iowa, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).  However, districts courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Mallard, 490 U.S. at 300-301 (U.S. 1989); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the

ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff argues that he is entitled to appointment of counsel because he is being denied access to an adequate law library, denied prescription eyeglasses and being denied the right to enjoy the U.S. Mail Delivery System. As discussed above, the Court denied Plaintiff's request to be granted access to the courts and his request for prescription eyeglasses. In order to be eligible for a judicial request for counsel under 28 U.S.C. § 1915(e)(1), a plaintiff must demonstrate the existence of exceptional circumstances. See Terrell, 935 F.2d at 1017. In the present case, the Plaintiff has successfully litigated his case to date. Moreover, because the factual basis surrounding Plaintiff's claims against Defendants are not so complex as a warrant appointment of counsel, Plaintiff has failed to show the existence of exceptional circumstances. Finally, Plaintiff has not articulated any new facts or circumstances, since his last motion for appointment of counsel, that would justify appointment of counsel in the present motion. Accordingly, the Court DENIES Plaintiff's motion for appointment of counsel.

## Conclusion

Accordingly, the Court DENIES Plaintiff's request for access to the courts, DENIES Plaintiff's request for extension of time; DENIES Plaintiff's request for prescription eyeglasses; and DENIES Plaintiff's motion for appointment of counsel.

IT IS SO ORDERED.

DATED: August 30, 2010

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

4

08cv2157